UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC., | : : : | Case No. 1:13-cv-360 |
| Plaintiff-Interpleader, | : : | Judge Timothy S. Black |
| vs. | : : | |
| LANCE M. WHITE, *et al.*, | : : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANT LANCE M. WHITE'S
MOTION FOR SUMMARY JUDGMENT (Doc. 25)**

This civil action is before the Court on Defendant Lance M. White's Motion for Summary Judgment (Doc. 25) and the parties responsive memoranda (Docs. 28, 29, and 30).

## I. BACKGROUND

Defendants Lance M. White and Kathryn Ann Bransom have each made conflicting claims to life insurance benefits under an insurance policy issued by Plaintiff The Guardian Insurance & Annuity Company, Inc. (Doc. 1). Plaintiff filed this interpleader action, seeking to deposit the benefits with the Court. (*Id.*)

## II.  UNDISPUTED FACTS[1]

1. Reagan H. Bransom ("Decedent") was the insured under a variable universal life insurance policy, Policy No. V300458 (the "Policy") issued by Plaintiff on or about November 15, 2007. (Doc. 1-1; Doc. 25-1 at 51).

---

[1] *See* Doc. 25-1, Doc. 29 at 3-5.

2. The Policy provides:

   > You may change the owner of this policy or a beneficiary by your signed request in Good Order. The change will take effect as of the date the request is signed, whether or not the insured is living when we receive the request at the Customer Service Office. However, the change will not apply to any payments we made or actions we took on or before the date we received the request.

   (Doc. 1-1; Doc. 25-1 at 51).

3. Decedent submitted a change of beneficiary form designating White, his business partner, as the exclusive beneficiary under the Policy. (Doc. 25-1 at 51).

4. On March 29, 2013, Decedent executed a Durable Power of Attorney for Financial Matters ("Power of Attorney"), naming his father, Rob Bransom, as his attorney-in-fact ("Agent"). (Doc. 1-2 at 22-39).

5. The Power of Attorney does not expressly grant the Agent the power to change a beneficiary designation. (*Id*. at 22-39).

6. The Agent, acting under the Power of Attorney, executed a change of beneficiary form on April 11, 2013 naming Decedent's mother, Defendant Kathryn Ann Bransom, as the beneficiary of the policy. (Doc. 25-1 at 52-53).

7. Decedent died on April 13, 2013. (*Id*. at 53).

8. In a letter dated April 18, 2013, Defendant White, through his counsel, advised Plaintiff that he was the sole beneficiary of the Policy and that he would be suing to make claim as beneficiary under the Policy. (*Id.*)

9. By letter dated April 19, 2013, Defendant White submitted a claim for the proceeds of the Policy to Plaintiff dated. (*Id.*)

10. Plaintiff received an inquiry from Defendant Bransom asserting a claim for benefits under the Policy. (*Id*. at 53-54).

11. Defendant Bransom alleged that her husband, Rob Bransom, was the attorney-in-fact for Decedent and that on April 12, 2013, he telefaxed to Plaintiff a change of beneficiary form naming Defendant Kathryn Ann Bransom, Decedent's mother, as the sole beneficiary of the Policy. (*Id*. at 54).

### III. STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### IV. ANALYSIS

In support of his motion, Defendant White argues: (1) that the Policy requires that Decedent personally sign the change of beneficiary form; (2) that Ohio Revised Code ("O.R.C.") § 1337.42 requires specific authorization for someone acting under a written power of attorney to have authority to sign on behalf of the principal; (3) that O.R.C. §1337.42 should be read into the Policy; and (4) that because Rob Bransom, the agent who signed and faxed the change of beneficiary form to Plaintiff, lacked the necessary

3

authority under the policy to sign the change of beneficiary form, the attempt to change the beneficiary is a nullity.

Defendant White primarily redlies upon a 2010 case out of this Court (and this judge), *Metropolitan Life Insurance Co., v. Schneider-Viers,* No. 3:09-cv-497, 2010 U.S. Dist. LEXIS 77573 (S.D. Ohio July 6, 2010). As with this case, *Metropolitan Life* was decided under Ohio law. However, Defendant Branson has demonstrated that *Metropolitan Life* has limited precedential value in this case for two reasons.

First, the sole issue argued to the Court in *Metropolitan Life* was whether O.R.C. § 1337.20(H) required an attorney-in-fact to have a specific grant of authority to change beneficiaries of a life insurance policy. However, almost two years after entry of the *Metropolitan Life* decision, in April 2012, O.R.C. § 1337.20 was repealed. The entirety of the *Metropolitan Life* decision centered on the interpretation of this former statute and the history of the Uniform Power of Attorney Act. The statute no longer exists, and its replacement has its own legislative history.

Second, the only issue raised by the parties and decided by the Court in *Metropolitan Life* was whether the written power of attorney designation in that particular case granted specific enough authority to change beneficiaries. The issue of waiver of policy requirements in an interpleader action was not before the Court in *Metropolitan Life*. Truth be told, however, in 1963, the Ohio Supreme Court of Ohio had held that by filing an interpleader action, an insurance company waives all of the insurance policy's requirements. *Rindlaub v. Traveler's Ins. Co.*, 175 Ohio St. 303, 194 N.E.2d 577 (1963).

4

Here, among the requirements waived are that Decedent must personally sign and submit a change of beneficiary form.

In 2012, the Supreme Court of Ohio re-affirmed its *Rindlaub* decision and articulated that <u>the only factor to be considered in an interpleader beneficiary action is the clear intent of the decedent</u>. *LeBlanc v. Wells Fargo Advisors, L.L.C.*, 2012-Ohio-5458, 134 Ohio St. 3d 250, 981 N.E.2d 839 (2012).[2] By contrast, two years earlier, this Court in *Metropolitan Life* clearly discounted any importance of the intent of the decedent. 2010 U.S. Dist. LEXIS 77573 at *14. Alas, *Metropolitan Life* makes no mention of *Rindlaub*, because neither of the parties raised it. Instead, one beneficiary claimed the written power of attorney was specific enough to comply with the former O.R.C. § 1337.20, while the other claimed it was not. Thus both parties sought to enforce the insurance policy requirements, despite the fact that those requirements were actually waived by the insurance company under Ohio law.

As a result, the *Metropolitan Life* decision does not follow the standards articulated by the Supreme Court of Ohio in *Rindlaub*. Moreover, two years after *Rindlaub*, the Supreme Court of Ohio affirmed it in *LeBlanc*, indicating that, in an interpleader action, the only relevant issue before the trial court is who the decedent clearly intended as his or her beneficiary. *LeBlanc*, 981 N.E. 2d at syllabus. The

---

[2] The *LeBlanc* interpleader actually maintained a payable on death IRA rather than a life insurance policy. The Supreme Court of Ohio held that IRA policies and life insurance policies were alike, and the waiver of policy procedures applied to both in an interpleader action. *LeBlanc*, 981 N.E.2d at 846.

Case: 1:13-cv-00360-TSB Doc #: 39 Filed: 02/26/14 Page: 6 of 8 PAGEID #: 572

*Rindlaub* and *LeBlanc* decisions have undermined any precedential value of *Metropolitan Life* for the case at hand.

In his motion, Defendant White argues that the attempt by Rob Bransom to change the beneficiary of the Policy acting under the instruction of Decedent is a nullity under the Policy. This argument misses the point. By filing an interpleader action, Plaintiff has waived all of the policy's requirements; and thus policy compliance is a moot issue. Given *Rindlaub* and *LeBlanc*, the issue before this Court is determining the intent of Decedent, no matter how noncompliant with the policy requirements the attempt to change the beneficiary was.

Even prior to the *LeBlanc* decision, various Ohio appellate courts had held that in an interpleader action, the intent of the decedent should be the primary consideration. Moreover, one Ohio appellate court specifically noted that an agent (as opposed to an attorney-in-fact) could, under certain circumstances, change a beneficiary for a decedent. In *Colonial Life and Accident v. Leitch*, 9th Dist. Summit No. 24263, 2008 WL 5244588 (Dec. 17, 2008), the court analyzed the history of *Rindlaub* and Ohio change of beneficiary law in circumstances when the attempted change did not comply with the terms of the policy. The court found that if the decedent clearly expressed the intent to change beneficiaries, then the change must be accepted. The court further considered other Ohio and federal decisions on the subject and noted:

6

> [W]here the facts show that the "insured did not communicate to the insurer, or to those who cared for such matters, his clearly expressed intention to name a new beneficiary, the claimant alleging to be the new beneficiary must show: (1) that the insured communicated, to some other person, his clearly expressed intention to name a new beneficiary, and (2) that the insured took, or directed someone to take on his behalf, sufficient steps to notify the insurer or to carry out his intent." *Donahue v. Carpenter* (Mar. 31, 1992), 6th Dist. No. 91WD057 (citing *Rindlaub*, 175 Ohio St. at 306; *Arnold v. Newcomb* (1922), 113 Ohio St. 578, 588; *Kabbaz v. Prudential Ins. Co.* (1985), 27 Ohio App.3d 254; *Benton v. United Ins. Co. of America* (1959), 110 Ohio App. 151, 158; *Union Cent. Life Ins. Co. v. MacBrair* (1940), 66 Ohio App. 134; *Pipe Fitters' Local No. 392 Pension Plan v. Huddle* (S.D. Ohio 1982), 549 F.Supp. 359, 361; *Tomaneng v. Reeves* (C.A.6, 1950), 180 F.2d 208).

*Colonial Life*, 2008 WL 5244588 at *10. The court clearly found that a decedent need only express the intent to change beneficiaries to an agent in order to be effective. The mere act of informing others of the intent to change beneficiaries created a material issue of fact. Moreover, the *LeBlanc* decision went a step further than the *Colonial Life* decision and did not require that "sufficient steps" be taken to inform the insurer.

Nevertheless, even under the two step test articulated by *Colonial Life*, Defendant Bransom alleges that Decedent in this case (1) communicated his intent to someone else and (2) directed someone to take sufficient steps to notify the insurer or to carry out his intent. Given that the acts of the decedent in *Colonial Life* were sufficient to escape summary judgment under the old standard, the allegedly more demonstrative acts of Decedent here, under the less restrictive *LeBlanc* standard, are clearly also sufficient to avoid summary judgment.

7

The execution of a written power of attorney confers the power of the principal onto the designated attorney-in-fact.  If the power of attorney executed by Decedent is legally explicit enough to grant the power to change the beneficiary under O.R.C. § 1337.42, then Rob Bransom's actions had the same legal effect as if Decedent had personally submitted the change.  Therefore, the change allegedly submitted multiple times by Rob Bransom would have the same effect as if Decedent had signed and submitted the change himself.  If the power of attorney designation did not comply with O.R.C. §1337.42, then Rob Bransom acted merely as an agent of Decedent rather than as his attorney-in-fact.  In this case, Plaintiff had a choice to make when Decedent died: Plaintiff could either enforce the policy procedures that require Decedent to personally effectuate the change, or it could waive the policy procedures by filing as an action in interpleader.  Plaintiff chose to file as an action in interpleader and thus waived the policy's procedures as a matter of law.  This leaves the Court to apply the clear intent standard set by *Rindlaub* and *LeBlanc*, and a genuine dispute of material fact exists as to the identity of Decedent's intended beneficiary.

## V.  CONCLUSION

Accordingly, based on the foregoing, Defendant Lance M. White's Motion for Summary Judgment (Doc. 25) is hereby **DENIED**.

 **IT IS SO ORDERED**.

Date:  2/26/2014                 */s/ Timothy S. Black*
                            Timothy S. Black
                            United States District Judge