UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC., | : : : | Case No. 1:13-cv-360 |
| Plaintiff-Interpleader, | : : | Judge Timothy S. Black |
| vs. | : : | |
| LANCE M. WHITE, *et al.*, | : : | |
| Defendants. | : | |

**ORDER DENYING DEFENDANT LANCE M. WHITE'S MOTION
FOR AN ORDER AUTHORIZING AN INTERLOCUTORY APPEAL
OR, IN THE ALTERNATIVE, MOTION TO CERTIFY QUESTION
TO THE OHIO SUPREME COURT (Doc. 49)**

This civil action is before the Court on Defendant Lance M. White's Motion for an Order Authorizing an Interlocutory Appeal or, in the Alternative, Motion to Certify Question to the Ohio Supreme Court (Doc. 49) and the parties' responsive memoranda (Docs. 53 and 56).

**I. BACKGROUND FACTS**

Defendants Lance M. White and Kathryn Ann Bransom have each made conflicting claims to life insurance benefits under an insurance policy issued by Plaintiff The Guardian Insurance & Annuity Company, Inc. (Doc. 1). Accordingly, Plaintiff filed this interpleader action, and moved to deposit the insurance proceeds with the Court, which motion the Court has granted. (Doc. 38).

On February 26, 2014, the Court denied Defendant White's Motion for Summary Judgment on the bases that:

(1) Plaintiff waived its policy procedures as to how a beneficiary designation can be changed when it filed an action in interpleader;

(2) the relevant inquiry is therefore what was the clearly expressed intent of Reagan Bransom ("Decedent");

(3) regardless of whether the power of attorney executed by Decedent complied with O.R.C. §1337.42 (which statute requires powers of attorney to expressly grant the authority to change beneficiary designations), Defendant Rob Bransom alleges that he acted to give effect to Decedent's clearly expressed intent in changing the beneficiary designation from Defendant White to Defendant Bransom; and

(4) a genuine dispute of material fact exists as to the identity of Decedent's intended beneficiary.  (Doc. 39 at 8).

## II.  STANDARD OF REVIEW

The denial of a motion for summary judgment is not a final appealable order. Rather, a party seeking to appeal the denial of a motion for summary judgment must request the district court to authorize an interlocutory appeal pursuant to 28 U.S.C. §1292(b).  *White by Swafford v. Gerbitz*, 860 F.2d 661, 662 n.1 (6th Cir. 1988) ("Since absent certification for an interlocutory appeal under 28 U.S.C. §1292(b) or Fed. R. Civ. P. 54(b), an order disposing of fewer than all of the parties or claims in an action is not appealable").

2

> Section 1292(b) provides as follows:
>
> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order.

Federal courts are also authorized to certify questions to the state supreme court. *Pennington v. State Farm Mut. Auto. Ins. Co.*, 553 F.3d 447, 450 (6th Cir. 2009). Under the Rules of Practice of the Supreme Court of Ohio, the Supreme Court of Ohio may answer questions of law certified to it by federal courts:

> The Supreme Court may answer a question of law certified to it by a court of the United States. This rule is invoked if the certifying court, in a proceeding before it, issues a certification order finding there is a question of Ohio law that may be determinative of the proceeding and for which there is no controlling precedent in the decisions of this Supreme Court.

S.Ct.Prac.R. 18.1.

### III.   ANALYSIS

**A.   Interlocutory Appeal**

Defendant White argues that application of Ohio's power of attorney statutes is determinative of the case. Defendant White further claims that this Court misapplied Ohio case law by allowing it to "trump" Ohio's power of attorney statutes and that the denial of his summary judgment motion "abrogates" the same statutes. (Doc. 49 at 1, 7).

3

Defendant White misses the point of power of attorney statutes, however. A power of attorney dictates who *must* be recognized as the principal, and in the context of life insurance, a valid grant of power of attorney status statutorily requires an insurer to recognize the agent as the principal. The question of how policy changes *may* be made, on the other hand, is governed by the policy requirements. *See, e.g., Colonial Life & Acc. v. Leitch*, 9th Dist. Summit No. 24263, 2008-Ohio-6616, ¶ 9. When filing as an interpleader, an insurer waives all such policy requirements. *LeBlanc v. Wells Fargo*, 134 Ohio St.3d 250, 981 N.E.2d 839 (2012) (syllabus).

The determination of whether Plaintiff was required to recognize Rob Bransom as the principal for purposes of changing the beneficiary designation is therefore not a controlling issue. Instead, Plaintiff filed this action as an interpleader and thus waived its policy requirements, leaving the Court to determine the question of who is entitled to the benefits using Ohio's "clearly expressed intent" standard. Where the facts show that the

> Where … the facts in an action in which the insurer interpleads indicate that the insured did not communicate to the insurer, or to those who cared for such matters, his clearly expressed intention to name a new beneficiary, the claimant alleging to be the new beneficiary must show: (1) that the insured communicated, to some other person, his clearly expressed intention to name a new beneficiary, and (2) that the insured took, or directed someone to take on his behalf, sufficient steps to notify the insurer or to carry out his intent.

*Donahue v. Carpenter*, 6th Dist. Wood No. 91WD057, 1992 WL 66564, at *5 (Mar. 31, 1992) (citing *Rindlaub v. Traveler's Ins. Co.*, 175 Ohio St. 303, 306, 194 N.E.2d 577 (1963)).

4

Based on the foregoing, whether or not the power of attorney executed by Decedent was sufficient to grant Rob Bransom the legal authority to change the beneficiary designation as if he were Decedent himself is <u>not</u> "a *controlling* question of law as to which there is substantial ground for difference of opinion," and, therefore, Defendant White has failed to demonstrate that the standard for a discretionary interlocutory appeal has been met.  *See* 28 U.S.C. §1292(b) (emphasis added).

B. **Certification to The Supreme Court of Ohio**

For the reasons discussed above, the issue of law raised by Defendant White also is <u>not</u> "determinative of the proceeding," and there is controlling Supreme Court of Ohio precedent elucidating the application of the "clearly expressed intent" standard. S.Ct.Prac.R. 18.1; *LeBlanc*, 134 Ohio St.3d 250, 981 N.E.2d 839.  As a result, Defendant White has also failed to demonstrate that the standard for the certification of a question to the Supreme Court of Ohio has been met.

### IV.  CONCLUSION

Accordingly, based on the foregoing, Defendant Lance M. White's Motion for an Order Authorizing an Interlocutory Appeal or, in the Alternative, Motion to Certify Question to the … Supreme Court [of Ohio] (Doc. 49) is hereby **DENIED**.

**IT IS SO ORDERED**.

Date:  4/29/14　　　　　　　　　　　　　　　　　　*s/ Timothy S. Black*
　　　　　　　　　　　　　　　　　　　　　　　　Timothy S. Black
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

5