**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC., | : :  Case No. 1:13-cv-360 |
| Plaintiff-Interpleader, | : :  Judge Timothy S. Black |
| vs. | : : |
| LANCE M. WHITE, *et al.*, | : : |
| Defendants. | : |

**ORDER DENYING DEFENDANT LANCE M. WHITE'S MOTION TO STRIKE THE AFFIDAVIT OF ROB BRANSOM (Doc. 57)**

This civil action is before the Court on Defendant Lance M. White's Motion to Strike the Affidavit of Rob Bransom (Doc. 57) and the parties' responsive memoranda (Docs. 60 and 63).

### I. BACKGROUND

Defendants Lance M. White and Kathryn Ann Bransom have each made conflicting claims to life insurance benefits under an insurance policy issued by Plaintiff The Guardian Insurance & Annuity Company, Inc. (Doc. 1). Plaintiff filed this interpleader action, seeking to deposit the benefits with the Court. (*Id.*)

In support of her Motion for Summary Judgment (Doc. 52), Defendant Kathryn Ann Bransom submitted the affidavit of Rob Bransom. (Doc. 52-1). Defendant White now moves to strike the following paragraphs of the Affidavit:

    4.     On or about January 26, 2013 Lance White unilaterally terminated Reagan's employment contract at Froggy's Car Wash. …

7. On or about March 31, 2013, Reagan instructed me to contact The Guardian and take the necessary steps to change the beneficiary of his life insurance policy with The Guardian from Lance White to his mother, Kathryn Ann Bransom. …

9. I was present at Bethesda Hospital when Reagan called Lance White from his cell phone. Reagan told me he was calling to inform Lance of his [Reagan's] decision to change the beneficiary of his insurance policy. Reagan appeared to leave a voice message asking Lance to return his call.

10. On or about April 7, 2013, Reagan asked me if I had changed the beneficiary on his life insurance policy yet – I told him I was working on it. …

14. While on the phone with The Guardian, I identified the policy holder's name, date of birth, and social security number. I also identified the policy number. During the call I informed The Guardian representative that Reagan appointed me as his durable power of attorney, and that I had completed the online change of beneficiary form.

15. During the same call, The Guardian representative asked me to fax or email the written change of beneficiary form.

(Doc. 57 at 2). More particularly, Defendant White claims that each paragraph contains inadmissible hearsay. (*Id.*)

## II. ANALYSIS

With respect to ¶ 4, the Affidavit claims that Defendant White terminated Decedent from his job at Froggy's Car Wash on January 26, 2013. (Doc. 52-1 at 1). In his own Declaration, however, Defendant White also states that he terminated Reagan Bransom from Froggy's Car Wash on January 26, 2013. (Doc. 58-2 at 1). This termination date is not a contested fact.

The remainder of the contested paragraphs concern themselves with Decedent's alleged statements with regard to changing the beneficiary of his life insurance policy with Plaintiff, and the actions Rob Bransom allegedly took to accomplish this change of beneficiary.

**A.      Fed. R. Evid. 803(3)**

Among the hearsay exceptions in the Federal Rules of Evidence, Rule 803(3) permits out-of-court statements "of the declarant's then-existing state of mind (such as motive, intent, or plan)…" Many courts have specifically found that out-of-court statements demonstrating the intent of a deceased life insurance policy holder to change beneficiaries are admissible under this exception. 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 803.05 2(b)(iii) (Joseph M. McLaughlin, ed., Matthew Bender 2d ed. 1997) (citing *Aetna Life Ins. Co. v. Wise*, 184 F.3d 660, 665-666 (7th Cir. 1999); *Krimlofski v. United States*, 190 F. Supp. 734, 742-747 (N.D. Iowa 1961)).

In *Aetna Life*, the decedent did not take the proper steps to change the beneficiary of a life insurance policy, but his suicide note was admitted under Fed. R. Evid. 803(3) to show his intent to change the beneficiary as well as his belief that he had taken the proper steps to effectuate the change. 184 F.3d at 666. Recently, the U.S. Bankruptcy Court for the Eastern District of Tennessee observed:

3

> Courts in this (Sixth) Circuit have determined that statements by a decedent to another regarding the decedent's intentions pertaining to such issues as altering the beneficiary of a life insurance policy fit the hearsay exception outlined in Rule 803(3). For example, in *Genworth Life Ins. Co. v. Oliver*, the district court found that Rule 803(3) applied to admit the "uncontroverted affidavits from decedent's family members and close friend that decedent remained emotionally and mentally strong through the end of her life and that her decision to change her beneficiary was based on rational thought and consideration. No. 11-14531, 2012 WL 4048875, at *4 (E.D. Mich. Aug. 9, 2012). The court concluded that "[w]hile some of the affiants relate statements made to them by the decedent, the Court believes this information is admissible under Federal Rule of Evidence 803(3) as evidence of the decedent's state of mind." *Id*. at n.3. *See also*, *Swedish Match North America, Inc. v. Tucker*, No. 4:09-cv-00068-M, 2010 WL 2721875, at *5 (W.D. Ky. July 8, 2010) (finding that hearsay statement by decedent regarding his intent to change his retirement plan beneficiary fit "state of mind" exception in Rule 803(3) as statement of the decedent's "intent")…

*In re Lazarevic*, No. 11-10585, 2012 Bankr. LEXIS 4508, 26-27 (Bankr. E.D. Tenn. Sept. 27, 2012).

The statements of Decedent alleged in the affidavit and deposition transcript parallel those admitted in the above cited cases. In particular, the statements allegedly made to Defendant Bransom are an expression of Decedent's state of mind at the time. Similarly, Decedent's alleged inquiry of Rob Bransom on April 7, 2013, as to whether Rob had yet changed the beneficiary to Defendant Bransom, is evidence of Decedent's intent.

**B.     Verbal Acts**

Where legal consequences flow from the utterance of out of court statements, the statements themselves may be verbal acts that do not constitute hearsay. *Preferred

*Properties, Inc. v. Indian Rivers Estates, Inc*. 276 F.3d 790, n.5 (6th Cir. 2002). The act of clearly expressing the intent to change beneficiaries of a life insurance policy is a verbal act because the expression itself carries significant legal consequences under Ohio law. In *Kelly v. May Assoc. Fed. Credit Union*, 9th Dist. No. 23423, 2008-Ohio-1507, an Ohio appellate court was confronted with the same hearsay challenge to a decedent's instructions to change the beneficiary of an IRA account. The decedent told a bank teller to change the beneficiary of the account, and the court allowed the testimony of the teller, finding that it was not hearsay. Instead, the court held that the out-of-court instruction to the teller was admitted not to prove the truth of the statement, but to prove that the decedent actually gave an instruction to change. *Id*. at ¶ 21. Under the "clearly expressed intent" standard of *Rindlaub v. Traveler's Ins. Co.*, 175 Ohio St. 303, 194 N.E.2d 577 (1963), the out-of-court instruction to an agent to change the beneficiary of an insurance policy by the insured carries independent legal significance. For that reason, statements made by a decedent to change policy beneficiaries are admissible as verbal acts. *Kelly* at ¶ 22.

Similarly, the statements in ¶¶ 14 and 15 of the Affidavit constitute verbal acts. The statements detail the alleged actions of Rob Bransom in his attempt to effectuate the change of beneficiary from Defendant White to Defendant Bransom. Rob Bransom's alleged recitation of the account number, Decedent's social security number, and Decedent's name and date of birth to Plaintiff's representative are not offered for their

5

truth, they are offered to show that Rob Bransom allegedly contacted Plaintiff and tried to change the beneficiary.

C.     **Effect on the Listener**

Finally, ¶ 15 also contains statements offered to show the effect on the listener. A statement that is not offered to prove the truth of the matter asserted, but to show its effect on the listener, is not hearsay. *United States v. Horton*, 847 F.2d 313, 324 (6th Cir.1988). Rob Bransom claims to have faxed the change of beneficiary form and power of attorney form to Plaintiff, and Paragraph 15 of the Affidavit states that a representative of Plaintiff directed Rob Bransom to fax in those forms. Whether or not it was true that Rob Bransom needed to fax the forms to effectuate the change, the statement is offered to demonstrate that it allegedly did cause Rob Bransom to attempt to do so.

Based on the foregoing, the Court finds that the challenged statements in the Affidavit of Rob Bransom (Doc. 52-1) are admissible.

### III.     CONCLUSION

Accordingly, Defendant Lance M. White's Motion to Strike the Affidavit of Rob Bransom (Doc. 57) is hereby **DENIED**.

**IT IS SO ORDERED**.

Date:  6/3/14                                                                                    *s/ Timothy S. Black*
                                                                                                          Timothy S. Black
                                                                                                          United States District Judge