# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| THE GUARDIAN INSURANCE & ANNUITY COMPANY, INC., | Case No. 1:13-cv-360 |
| Plaintiff-Interpleader, | Judge Timothy S. Black |
| vs. | |
| LANCE M. WHITE, *et al.*, | |
| Defendants. | |

## ORDER DENYING DEFENDANT KATHRYN ANN BRANSOM'S MOTION FOR SUMMARY JUDGMENT (Doc. 52)

This civil action is before the Court on Defendant Kathryn Ann Bransom's Motion for Summary Judgment (Doc. 52) and the parties' responsive memoranda (Docs. 58 and 61).

## I. BACKGROUND

Defendants Lance M. White and Kathryn Ann Bransom have each made conflicting claims to life insurance benefits under an insurance policy issued by Plaintiff The Guardian Insurance & Annuity Company, Inc. (Doc. 1). Plaintiff filed this interpleader action, seeking to deposit the benefits with the Court. (*Id.*)

## II.  UNDISPUTED FACTS[1]

1. Reagan H. Bransom ("Decedent") was the insured under a variable universal life insurance policy, Policy No. V300458 (the "Policy"), issued by Plaintiff on or about November 15, 2007. (Doc. 1-1; Doc. 25-1 at 51).

---

[1] *See* Doc. 25-1, Doc. 29 at 3-5.

2. The Policy provides:

   > You may change the owner of this policy or a beneficiary by your signed request in Good Order. The change will take effect as of the date the request is signed, whether or not the insured is living when we receive the request at the Customer Service Office. However, the change will not apply to any payments we made or actions we took on or before the date we received the request.

   (Doc. 1-1; Doc. 25-1 at 51).

3. Decedent submitted a change of beneficiary form designating White, his business partner, as the exclusive beneficiary under the Policy, effective July 16, 2009. (Doc. 25-1 at 51).

4. On March 29, 2013, Decedent executed a Durable Power of Attorney for Financial Matters ("Power of Attorney"), naming his father, Rob Bransom, as his attorney-in-fact ("Agent"). (Doc. 1-2 at 22-39).

5. The Power of Attorney does not expressly grant the Agent the power to change a beneficiary designation. (*Id*. at 22-39).

6. The Agent, acting under the Power of Attorney, executed a change of beneficiary form on April 11, 2013 naming Decedent's mother, Defendant Kathryn Ann Bransom, as the beneficiary of the policy. (Doc. 25-1 at 52-53).

7. Decedent died on April 13, 2013. (*Id*. at 53).

8. In a letter dated April 18, 2013, Defendant White, through his counsel, advised Plaintiff that he was the sole beneficiary of the Policy and that he would be suing to make claim as beneficiary under the Policy. (*Id*.)

9. By letter dated April 19, 2013, Defendant White submitted a claim for the proceeds of the Policy to Plaintiff. (*Id.*)

10. Plaintiff received an inquiry from Defendant Bransom asserting a claim for benefits under the Policy. (*Id*. at 53-54).

11. Defendant Bransom alleged that her husband, Rob Bransom, was the attorney-in-fact for Decedent, and that on April 12, 2013, he telefaxed to Plaintiff a change of beneficiary form naming Defendant Kathryn Ann Bransom, Decedent's mother, as the sole beneficiary of the Policy. (*Id*. at 54).

### III.     STANDARD OF REVIEW

A motion for summary judgment should be granted if the evidence submitted to the Court demonstrates that there is no genuine issue as to any material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The moving party has the burden of showing the absence of genuine disputes over facts which, under the substantive law governing the issue, might affect the outcome of the action. *Celotex*, 477 U.S. at 323. All facts and inferences must be construed in a light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

A party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (1986).

### IV.     ANALYSIS

In 2012, the Supreme Court of Ohio re-affirmed its decision in *Rindlaub v. Traveler's Ins. Co*., 175 Ohio St. 303, 194 N.E.2d 577 (1963), articulating that the only factor to be considered in an interpleader beneficiary action is the clear intent of the decedent. *LeBlanc v. Wells Fargo Advisors, L.L.C*., 2012-Ohio-5458, 134 Ohio St. 3d

250, 981 N.E.2d 839 (2012).[2] By filing an interpleader action, Plaintiff waived all of the Policy's requirements, and thus policy compliance is a moot issue. Given *Rindlaub* and *LeBlanc*, the issue now before this Court is determining the intent of Decedent, no matter how noncompliant with the Policy requirements the attempt to change the beneficiary was.

Even prior to the *LeBlanc* decision, various Ohio appellate courts had held that in an interpleader action, the intent of the decedent should be the primary consideration. Moreover, one Ohio appellate court specifically noted that an agent (as opposed to an attorney-in-fact) could, under certain circumstances, change a beneficiary for a decedent. In *Colonial Life and Accident v. Leitch*, 9th Dist. Summit No. 24263, 2008 WL 5244588 (Dec. 17, 2008), the court analyzed the history of *Rindlaub* and Ohio change of beneficiary law in circumstances when the attempted change did not comply with the terms of the policy. The court found that if the decedent clearly expressed the intent to change beneficiaries, then the change must be accepted. The appellate court further considered other Ohio and federal decisions on the subject and noted:

> [W]here the facts show that the "insured did not communicate to the insurer, or to those who cared for such matters, his clearly expressed intention to name a new beneficiary, the claimant alleging to be the new beneficiary must show: (1) that the insured communicated, to some other person, his clearly expressed intention to name a new beneficiary, and

---

[2] The *LeBlanc* interpleader actually maintained a payable on death IRA rather than a life insurance policy. The Supreme Court of Ohio held that IRA policies and life insurance policies were alike, and that the waiver of policy procedures applied to both in an interpleader action. *LeBlanc*, 981 N.E.2d at 846.

> (2) that the insured took, or directed someone to take on his behalf, sufficient steps to notify the insurer or to carry out his intent."
>
> *Donahue v. Carpenter* (Mar. 31, 1992), 6th Dist. No. 91WD057 (citing *Rindlaub*, 175 Ohio St. at 306; *Arnold v. Newcomb* (1922), 113 Ohio St. 578, 588; *Kabbaz v. Prudential Ins. Co.* (1985), 27 Ohio App.3d 254; *Benton v. United Ins. Co. of America* (1959), 110 Ohio App. 151, 158; *Union Cent. Life Ins. Co. v. MacBrair* (1940), 66 Ohio App. 134; *Pipe Fitters' Local No. 392 Pension Plan v. Huddle* (S.D. Ohio 1982), 549 F.Supp. 359, 361; *Tomaneng v. Reeves* (C.A.6, 1950), 180 F.2d 208).

*Colonial Life*, 2008 WL 5244588 at *10. The appellate court clearly found that a decedent need only express the intent to change beneficiaries to an agent in order to be effective and that the mere act of informing others of the intent to change beneficiaries created a material issue of fact. Under this two-step test, Defendant Bransom alleges that Decedent in this case (1) communicated his intent to someone else and (2) directed someone to take sufficient steps to notify the insurer or to carry out his intent.

However, Defendant White disputes that such communication and direction occurred. In late March 2013, Decedent met with his counsel, Jeffrey Burd, to arrange his affairs. (Doc. 58-6 at 37-40). Defendant White alleges that:

> Presumably, competent counsel discussed with his client: (1) his existing assets, including insurance; (2) the client's preferences and options; and (3) the legal requirements for those options."[3] At the request of Reagan Bransom, his counsel prepared the Power of Attorney. Presumably, the Power of Attorney was prepared consistent with the instructions of the client. Prior to its execution, counsel reviewed the Power of Attorney paragraph-by-paragraph with his client. Presumably, competent counsel advised his client of the authority of the Agent under the Power of

---

[3] The attorney-client privilege has not been waived, and so Defendant White argues that the Court must presume the competency of counsel.

> Attorney. Presumably, competent counsel further advised his client of the limitations on that authority under Ohio law. … Reagan Bransom signed the Power of Attorney on March 29, 2013. Given the absence of an express authority to change a beneficiary in the Power of Attorney, this Court must conclude that the principal, Reagan Bransom, intentionally chose not to authorize the Agent to change any beneficiary designation. (Doc. 58 at 23-24).

Defendant White argues that Decedent's alleged decision to limit the authority of the Agent is corroborated by Decedent's voicemail communication to White on March 22, 2013, in which he allegedly "asked White for the date of his separation from Froggy's Car Wash" but "did not advise White that he intended to change the beneficiary of the Policy in that voicemail message or at any time before or after that message." (Doc. 58-2 at ¶ 6). Moreover, in what amounts to an allegation that Defendant Bransom and Rob Bransom lack credibility, Defendant White argues that "[w]hen the purpose of Reagan Bransom consulting with his lawyer is combined with the absence of any express grant of authority to change a beneficiary designation, the uncorroborated testimony of Rob Bransom that Reagan Bransom requested that he change the beneficiary of the Policy two days later becomes highly suspect." (Doc. 52 at 24). Defendant White further alleges that the ensuing events are "equally suspect":

> Rob Bransom went to The Guardian's website and observed the change of beneficiary forms on the website. He did nothing more. Why wouldn't he have printed a form and presented it to Reagan Bransom for signature? If Reagan Bransom was competent and capable to sign a power of attorney, he was capable and competent to sign a change of beneficiary form. Curiously, Rob Bransom did not print out that form and have Reagan Bransom sign it while he was alive and competent. A week elapse[d], and, according to Rob Bransom, Reagan Bransom inquire[d] about the change of beneficiary. … When Reagan Bransom [was] no longer competent or

> capable to communicate, as of April 11, 2013, Rob Bransom went back to
> The Guardian's website and submitted a change of beneficiary form
> through the website. However, Herman Hoernschemeyer, an agent for The
> Guardian, has testified that a change of beneficiary cannot be made through
> The Guardian's website.

(*Id.* at 25). Defendant White further points out that Rob Bransom has no documentary evidence to corroborate that he was acting consistent with Decedent's instructions or that any change of beneficiary form was ever sent to Plaintiff prior to April 30, 2013. Plaintiff similarly did not receive any change of beneficiary form for the Policy prior to that date. (Doc. 58-7 at ¶ 17). Rob Bransom alleges that instead of arranging for a change of beneficiary through the insurance agent he had previously communicated with, Decedent requested Rob Bransom change his beneficiary designation two days after electing not to include that authority in the Power of Attorney.

Under these circumstances, and appropriately construing the facts in favor of Defendant White, the Court must conclude that that the conflicting allegations made by each Defendant create a disputed issue of material fact as to Reagan Bransom's clearly expressed intent with regard to the Policy beneficiary and preclude summary judgment.

## V. CONCLUSION

Accordingly, based on the foregoing, Defendant Kathryn Ann Bransom's Motion for Summary Judgment (Doc. 52) is hereby **DENIED**.

**IT IS SO ORDERED**.

Date: 6/3/14                                             *s/ Timothy S. Black*
                                                         Timothy S. Black
                                                         United States District Judge