UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| THE GUARDIAN INSURANCE & | : | |
| ANNUITY COMPANY, INC., | : | Case No. 1:13-cv-360 |
| | : | |
| Plaintiff-Interpleader, | : | Judge Timothy S. Black |
| | : | |
| vs. | : | |
| | : | |
| LANCE M. WHITE, *et al.*, | : | |
| | : | |
| Defendants. | | |

**ORDER GRANTING DEFENDANT KATHRYN BRANSOM'S
MOTION IN LIMINE (Doc. 70)**

This civil action is before the Court on Defendant Kathryn Bransom's motion *in
limine* for findings that records maintained by Plaintiff are admissible as records of
regularly conducted activity ("business records") pursuant to Federal Rule of Evidence
803(6) and that the records have been properly certified under Federal Rule of Evidence
902(11). (Doc. 70). Defendant Lance White filed a response in opposition (Doc. 72),
and Bransom filed a reply (Doc. 73).

**I. BACKGROUND**

Defendants Lance White and Kathryn Bransom have each made conflicting
claims to life insurance benefits under an insurance policy issued by Plaintiff, The
Guardian Insurance & Annuity Company, Inc. ("Guardian"). (Doc. 1). Guardian filed
this interpleader action and deposited the benefits of the policy with the Court Registry.

In the instant motion, Bransom asks the Court to find that documents and audio
files maintained by Guardian are admissible as business records pursuant to Federal Rule

of Evidence 803(6).  Guardian's file on the policy at issue contains 173 pages of documents and at least four audio files.  (Docs. 70-1 to 70-6).  The documents include the policy itself, a life insurance buyer's guide, and communications Guardian employees made and received regarding the policy, including a change of beneficiary form naming White as the sole beneficiary and subsequent e-mail communications from Bransom and her husband maintaining that Bransom had been established as the sole beneficiary ("Bransom e-mails").  (Docs. 70-1, 70-2).  Transcripts indicate that the audio files contain telephone calls recorded by Guardian, including one in which Bransom's husband inquires about a beneficiary change request.  (Docs. 70-3 to 70-6).

Bransom also asks the Court to find that the certification of the records' custodian is sufficient under Federal Rule of Evidence 902(11) for self-authentication.  In her affidavit, a Guardian employee states that she is the custodian for the records and:

> 7. All of the documents and sound files contained in the file were made at or near the time by—or from information transmitted by—someone with knowledge at Guardian Insurance and Annuity Company.
>
> 8. All of the documents and sound files contained in the file were kept in the course of a regularly conducted activity of The Guardian Insurance and Annuity Company's business.
>
> 9. The making of the records found in the file was a regular practice of the business of The Guardian Insurance and Annuity Company.

(Doc. 70-7).

White opposes Bransom's motion *in limine* on the grounds that some documents, including the Bransom e-mails, are not business records and contain hearsay.  White further argues that some of the Guardian file documents, including the life insurance

buyer's guide, are not relevant to the case. White has not raised any other specific objections before this Court.

## II. ANALYSIS

Because a ruling on a motion *in limine* is "subject to change as the case unfolds," this Court's ruling on Bransom's motion *in limine* constitutes a preliminary determination in preparation for trial. *See Luce v. United States*, 469 U.S. 38, 41-42 (1984); *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir. 1994).

### A. Business Records and Certification

The Federal Rules of Evidence provide an exception to the rule against hearsay for a business record if:

**(A)**   the record was made at or near the time by--or from information transmitted by--someone with knowledge;

**(B)**   the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit;

**(C)**   making the record was a regular practice of that activity;

**(D)**   all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and

**(E)**   neither the source of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6). This exception "is based on the indicia of reliability that attaches to a record created or maintained by an employer in the in the ordinary or regular course of their business." *Peak v. Kubota Tractor Corp.*, 559 Fed. App'x 517, 523 (6th Cir. 2014) (quoting *Cobbins v. Tenn. Dep't. of Transp.*, 566 F.3d 582, 588 (6th Cir. 2009)). Once a

proper foundation is made for the introduction of a business record, the record should be admitted "absent specific and credible evidence of untrustworthiness," and the jury should be permitted to determine the weight to give to the record.  *Peak*, 559 Fed. App'x at 523 (citing *U.S. v. Hathaway*, 798 F.2d 902, 907 (6th Cir. 2006)).

Once a business record is certified, it is self-authenticating and no extrinsic evidence of authenticity is required.  Fed. R. Evid. 902.  To certify a business record, the proponent may offer:

> The original or a copy of a domestic record that meets the requirements of Rule 803(6)(A)-(C), as shown by a certification of the custodian or another qualified person that complies with a federal statute or a rule prescribed by the Supreme Court. Before the trial or hearing, the proponent must give an adverse party reasonable written notice of the intent to offer the record--and must make the record and certification available for inspection--so that the party has a fair opportunity to challenge them."

Fed. R. Evid. 902(11).

The Court finds that the documents and audio files maintained by Guardian are admissible as business records and that the certification provided is sufficient to authenticate the records.  The records custodian has testified that the documents and audio files were "made at or near the time by—or from information transmitted by—someone with knowledge at Guardian," "kept in the course of a regularly conducted activity of [Guardian's] business," and made pursuant to "a regular practice of the business," satisfying requirements (A) through (C) of Rule 803(6).  (Doc. 70-7 at ¶¶ 7, 8, 9).

Further, the parties agree that the certification provided complies with the requirements set forth in Rule 902(11).  (Doc. 70 at 4; Doc. 72 at 1).  Thus, the Rule

803(6) foundational requirements have been met for all of the documents and audio

recordings in the Guardian file, including the Bransom e-mails.  White has not provided

any evidence specific and credible evidence that Guardian is untrustworthy as the source

of the information nor that Guardian's methodology in preparing and maintaining the

records indicates any untrustworthiness.

   For these reasons, the Court finds that the documents and audio files maintained

by Guardian are admissible as business records pursuant to Federal Rule of Evidence

803(6) and that these records have been certified and are now self-authenticating pursuant

to Federal Rule of Evidence 902(11).[1]

### B.  Application of Rule Against Hearsay

   The Court's inquiry cannot end with its determination that the Guardian file

contains business records because such records "are potentially fraught with double

hearsay," which "exists when a record is prepared by an employee with information

supplied by another person."  *Peak*, 559 Fed. App'x at 523 (quoting *United States v.*

*Gwathney*, 465 F.3d 1133, 1141 (10th Cir. 2006)).

   In the Sixth Circuit, information supplied to a business by an outsider and captured

in a business record is admissible for its truth pursuant to Rule 803(6) only if the outsider

is himself acting pursuant to a business duty.  *Peak*, 559 Fed. App'x at 523; *United States*

*v. Cecil*, 615 F.3d 678, 690 (6th Cir. 2010).  For example, in *Peak*, a business record

incorporating the statement of a non-employee technician was admissible for its truth

---

[1] White argues that audio file transcripts cannot be considered to be Guardian's business records because they were
prepared by a third party.  However, in her reply brief, Bransom clarifies that the transcripts were offered only in an
effort to comply with local rules and that the proposed exhibits are the audio files themselves.  For this reason, the
Court need not address the admissibility of the transcripts.

because the technician's employer was under a contractual duty to submit warranty claims to the business that maintained record, so the technician was a "participant in the chain producing the record in the course of his regular business activity."  559 Fed. App'x at 523.  The business duty requirement helps to ensure that statements incorporated into a business record have the same indicia of reliability that the record has. *Cf. United States v. Yates,* 553 F.2d 518, 521 (6th Cir.1977) ("The mere fact that the recordation of the third party statements is routine, taken apart from the source of the information recorded, imports no guaranty of the truth of the statements themselves.").

If a party seeks to admit a business record for the truth of the matters it asserts pursuant to Rule 803(6), and the record contains information provided by an outsider who is not under a business duty to provide such information, the outsider's statement must be independently admissible pursuant to another exception to the rule against hearsay. *Essex Ins. Co. v. Fidelity & Guar. Ins. Underwriters, Inc.*, 282 Fed. App'x 406, 411-412 (6th Cir. 2008) (citing Fed. R. Evid. 805).  In *Essex*, the court found that an interview transcript was a business record within the meaning of Rule 803(6) but, because the statements of the interviewee captured in the transcript were not made in the course of the interviewee's "regularly conducted business activity," and the proponent of the evidence did not argue that another hearsay exception applied, the statements were not admissible for their truth.  *Id.  See also Chapman v. Milford Towing & Service, Inc.,* 499 Fed. App'x 437, 446 (6th Cir. 2012) (statements captured in the written transcript of a telephone conversation were admissible for their truth because the transcript was a business record

pursuant to Rule 803(6) and the statement was that of a party opponent pursuant to Rule 801(d)(2)(A)).

The Bransom e-mails became business records of Guardian upon their receipt and retention by Guardian in the regular course of its business. (See Part A, above). However, these e-mails contain information provided by Bransom and her husband, so they are subject to the rules regarding double hearsay. Rule 803(6) alone cannot render these e-mails admissible for the truth of the matters they assert because Bransom and her husband are not Guardian employees and were not acting pursuant to a regular business duty or a contractual obligation to provide Guardian with information. Consequently, the statements made in the Bransom e-mails lack the indicia of reliability that provides the basis for the admissibility of business records.

Bransom has not offered another exception to the rule against hearsay that would apply to the statements she and her husband made in the e-mails they sent to Guardian. Unless and until Bransom can do so, the Court finds that the Bransom e-mails cannot be used as evidence of the truth of the matters they assert.

However, even if Bransom cannot propose an exception to the rule against hearsay that applies to the statements she and her husband made in the correspondence, she can still offer Guardian's record of the e-mail messages for non-hearsay purposes, including the purposes of showing that Guardian was on notice of Bransom's claim to sole beneficiary status. *See* 5 WEINSTEIN'S FEDERAL EVIDENCE § 801.11 (2014) ("Statements are not hearsay when they are offered not for their truth but to prove . . . a recipient's notice of certain conditions.").

## C.  Relevance

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action."[2]

White argues that the Guardian file includes documents that are not relevant to this action.  Specifically, White objects to the relevance of the life insurance buyer's guide. The guide discusses how a prospective insurance buyer can find a policy that meets his needs and budget, decide how much insurance he needs, and make informed decisions when buying a policy.  (Doc. 70-1 at 141-45).

Guardian maintained documents pertaining to the life insurance policy it issued, including documents and correspondence it provided to and received from the policy holder and claimants under the policy.  (Docs. 70-1, 70-2).  This Court is asked to determine which Defendant the policy holder intended to be the beneficiary of his life insurance policy.  (Doc. 66 at 3-5). The documents provided to the policy holder in regards to his policy options have some probative value when determining the intent of the policy holder to name a beneficiary.  Therefore, the Court declines to exclude the life insurance buyer's guide on the ground that it is irrelevant.

---

[2] *See also* Advisory Committee Notes to 1972 Proposed Rules ("The fact to be proved may be ultimate, intermediate, or evidentiary; it matters not, so long as it is of consequence in the determination of the action. . . . The fact to which the evidence is directed need not be in dispute. . . . Evidence which is essentially background in nature can scarcely be said to involve disputed matter, yet it is universally offered and admitted as an aid to understanding.").

### III. CONCLUSION

Accordingly, for these reasons, Defendant Kathryn Ann Bransom's motion *in limine* (Doc. 70) is **GRANTED** as described in this Order.

**IT IS SO ORDERED**.

Date:  9/9/14                                        *s/ Timothy S. Black*
                                                     Timothy S. Black
                                                     United States District Judge